UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

BRANDO CAFFEY,

          Plaintiff,                        Case No. 2:24-cv-183

v.                                         Honorable Jane M. Beckering

SARAH SCHROEDER et al.,

          Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*.

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Schroeder, Bolton, and Unknown Parties. The Court will also dismiss, for failure to state a claim, the following claims against Defendants Perry, Greenwald, and Racine: (1) Plaintiff's official capacity claims; (2) Plaintiff's First Amendment retaliation claim against Defendant Racine; and (3) Plaintiff's Eighth Amendment claims premised upon the lack of

medical care. Plaintiff's personal capacity Eighth Amendment claims against Defendants Perry, Greenwald, and Racine premised upon their failure to evacuate Plaintiff when fires broke out on March 13, 2024, remain in the case.

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Marquette Branch Prison (MBP) in Marquette, Marquette County, Michigan. The events about which he complains occurred there. Plaintiff sues the following MBP officials in their official and personal capacities: Warden Sarah Schroeder, Grievance Coordinator Quentin Bolton, Lieutenant Unknown Greenwald, Sergeant Unknown Perry, and Healthcare Staff Jennifer Racine and Unknown Parties.

Plaintiff alleges that on March 13, 2024, he was in his cell on the "first gallery" in cell block D when "several fires that accumulated a large amount of smoke" occurred. (Compl., ECF No. 1, PageID.3.) Plaintiff contends that neither he nor anyone else was evacuated from the building "to avoid death by smoke inhalation, plus the chemical compounds made up of the substance, made up of the powder in a fire extinguisher." (*Id.*) Plaintiff avers that he and other inmates had to lie on the floor while the smoke continued to rise. (*Id.*) Plaintiff and other inmates asked Defendants Greenwald, Perry, and Racine if they could evacuate. (*Id.*) Defendants did not respond. (*Id.*) Plaintiff "was so surprised how [Defendant Racine] just walk[ed] past [them] . . . like [she did not] have a care in the world." (*Id.*) Plaintiff suggests that "all tops that [were] at authority did nothing that day." (*Id.*)

Plaintiff goes on to allege that he has experienced "burning sensations in [his] chest and below [his] rib cage area" since that date. (*Id.*) Plaintiff submitted a grievance on March 14, 2024. (*Id.*) He claims that Defendant Bolton "did not prompt responding staff to do the thorough

2

investigation that [would have] administratively solved this matter." (*Id.*) Plaintiff further suggests that Defendant Schroeder failed to properly investigate the incident at Step II of the grievance process. (*Id.*, PageID.3–4.) Plaintiff claims that as of September 8, 2024, he had not been seen by MBP medical staff, which he claims "is retaliation for . . . grieving the issue that is influenced by [Defendant] Racine." (*Id.*, PageID.4.)

Based upon the foregoing, Plaintiff sets forth First and Eighth Amendment claims. The Court also construes Plaintiff's complaint to assert constitutional claims against Defendants Schroeder and Bolton based upon their handling of Plaintiff's grievance. Plaintiff seeks $1 million in damages. (*Id.*, PageID.5.)

**II.    Failure to State a Claim**

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to

relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Official Capacity Claims

As noted above, Plaintiff sues Defendants in both their official and personal capacities. Although an action against a defendant in his or her individual capacity intends to impose liability on the specified individual, an action against the same defendant in his or her official capacity intends to impose liability only on the entity that they represent. *See Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). A suit against an individual in his official capacity is equivalent to a suit brought against the governmental entity: in this case, the MDOC. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). The states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979),

4

and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous opinions, the United States Court of Appeals for the Sixth Circuit has specifically held that the MDOC is absolutely immune from a § 1983 suit under the Eleventh Amendment. *See, e.g.*, *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013); *McCoy v. Michigan*, 369 F. App'x 646, 653–54 (6th Cir. 2010).

Here, Plaintiff seeks only damages. Official capacity defendants, however, are absolutely immune from monetary damages. *See Will*, 491 U.S. at 71; *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1988). Defendants are, therefore, entitled to immunity with respect to Plaintiff's official capacity claims, and such claims will be dismissed.

### B.     Personal Capacity Claims

#### 1.     Defendants Schroeder and Bolton

As set forth above, Plaintiff seeks to hold Defendants Schroeder and Bolton liable for not adequately investigating Plaintiff's grievance regarding the incident. Government officials, however, man not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

The United States Court of Appeals for the Sixth Circuit has repeatedly summarized the minimum required to constitute active conduct by a supervisory official:

> "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable *unless* the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee*, 199 F.3d at 300 (emphasis added) (internal quotation marks omitted). We have interpreted this standard to mean that "at a minimum," the plaintiff must show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee*, 199 F.3d at 300); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995)); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993).

Here, Plaintiff fails to allege any *facts* showing that Defendants Schroeder and Bolton encouraged or condoned the conduct of their subordinates, or authorized, approved, or knowingly acquiesced in their conduct. Instead, Plaintiff alleges only that they denied his grievance, which is insufficient to impose § 1983 liability. *See Shehee*, 199 F.3d at 300. Plaintiff's conclusory allegations are insufficient to show that Defendants were personally involved in the alleged violations of Plaintiff's constitutional rights.

The Court has also construed Plaintiff's complaint to assert constitutional claims against Defendants Schroeder and Bolton based upon their handling of Plaintiff's grievance. First, interference with the grievance remedy does not violate due process because Plaintiff has no due process right to file a prison grievance. The courts have repeatedly held that there exists no constitutionally protected due process right to an effective prison grievance procedure. *See Hewitt*, 459 U.S. at 467; *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy*, 30 F. App'x 568, 569–70 (6th Cir. 2002); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (collecting cases). Michigan law does not create a liberty interest in

the grievance procedure. *See Olim v. Wakinekona*, 461 U.S. 238, 249 (1983); *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001); *Wynn v. Wolf,* No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994).

Moreover, actions (or inactions) of Defendants Schroeder and Bolton with regard to the grievance process could not constitute a violation of the First Amendment right to petition the government. The First Amendment "right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999); *see also Minn. State Bd. for Cmty. Colls. v. Knight*, 465 U.S. 271, 285 (1984) (holding the right to petition protects only the right to address government; the government may refuse to listen or respond).

Finally, Plaintiff has not been barred from all means of petitioning the government for redress of grievances. Even if Plaintiff had been improperly prevented from filing a grievance, his right to petition for redress of his grievances (i.e., by filing a lawsuit) cannot be compromised by his inability to file institutional grievances. The exhaustion requirement only mandates exhaustion of *available* administrative remedies. *See* 42 U.S.C. § 1997e(a). If Plaintiff were improperly denied access to the grievance process, the process would be rendered unavailable, and exhaustion would not be a prerequisite for initiation of a civil rights action. *See Ross v. Blake*, 578 U.S. 632, 640–44 (2016) (reiterating that, if the prisoner is barred from pursuing a remedy by policy or by the interference of officials, the grievance process is not available, and exhaustion is not required); *Kennedy v. Tallio,* 20 F. App'x 469, 470–71 (6th Cir. 2001).

Accordingly, Plaintiff cannot maintain claims against Defendants Schroeder and Bolton premised upon interference with the grievance process. Because Plaintiff has failed to state a claim against Defendants Schroeder and Bolton, they will be dismissed.

### 2. First Amendment Retaliation Claims

Plaintiff suggests that he has not yet been seen by MBP medical staff out of "retaliation for . . . grieving the issue that is influenced by [Defendant] Racine." (Compl., ECF No. 1, PageID.4.) Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987). "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538–39 (6th Cir. 1987)); *see also Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003) (in complaints screened pursuant to 28 U.S.C. § 1915A, "[c]onclusory allegations of retaliatory motive with no concrete and relevant particulars fail to raise a genuine issue of fact for trial") (internal quotations omitted); *Lewis v. Jarvie*, 20 F. App'x 457, 459 (6th Cir. 2001) ("[B]are allegations of malice on the defendants' parts are not enough to establish retaliation claims" that will survive § 1915A screening) (citing *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998)).

8

Here, Plaintiff merely alleges the ultimate fact of retaliation in this action. He does not present any facts to suggest that Defendants Racine and Unknown Parties even knew about the grievance that he filed. Moreover, he has not presented any facts to support his conclusion that Defendants Racine and Unknown Parties have retaliated against him by failing to provide medical care because of that grievance. Accordingly, Plaintiff's speculative allegation fails to state a claim, and his First Amendment retaliation claims will be dismissed.

### 3. Eighth Amendment Claims

Plaintiff's Eighth Amendment claims concern two distinct issues. First, Plaintiff suggests that Defendants Racine, Greenwald, and Perry violated his Eighth Amendment rights by failing to evacuate him when the fires occurred on March 13, 2024. Second, Plaintiff suggests that Defendants Racine and Unknown Parties have violated his Eighth Amendment rights by failing to provide him with medical care.

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600–01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted).

### a. Conditions of Confinement

Plaintiff suggests that Defendants Racine, Greenwald, and Perry violated his Eighth Amendment rights by failing to evacuate him when the fires occurred on March 13, 2024.

"Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. "Routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). As a consequence, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.*

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims)); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims). The deliberate-indifference standard includes both objective and subjective components. *Farmer*, 511 U.S. at 834; *Helling*, 509 U.S. at 35–37. To satisfy the objective prong, an inmate must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Under the subjective prong, an official must "know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 837. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842. "It is, indeed, fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Id.* at 836. "[P]rison officials who actually knew of a substantial

risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Id.* at 844.

Under the Eighth Amendment "[p]risoners have the right not to be subjected to the unreasonable threat of injury or death by fire and need not wait until actual casualties occur in order to obtain relief from such conditions." *Hoptowit v. Spellman,* 753 F.2d 779, 784 (9th Cir.1985); *see also Johnson v. Tex. Bd. of Criminal Justice*, 281 F. App'x 319, 321 (5th Cir. 2008) (per curiam) (noting that "[t]he Eighth Amendment requires that prison officials provide adequate fire safety to inmates"). As set forth above, Plaintiff alleges that on March 13, 2024, several fires broke out in his housing unit, and those fires "accumulated a large amount of smoke." (Compl., ECF No. 1, PageID.3.) According to Plaintiff, he and other inmates asked Defendants Racine, Perry, and Greenwald to evacuate them from the building, but Defendants Racine, Perry, and Greenwald "just walk[ed] past . . . like [they] just [did not] have a care in the world." (*Id.*) Plaintiff had to lie on the floor to try to escape the smoke, and alleges that he began to experience "burning sensations" in his chest and rib cage area afterwards. (*Id.*) Although Plaintiff has by no means proven deliberate indifference, taking his allegations as true, as the Court must at this stage of proceedings, the Court concludes that Plaintiff's Eighth Amendment personal capacity claims against Defendants Racine, Perry, and Greenwald premised upon their failure to evacuate Plaintiff on March 13, 2024, cannot be dismissed on initial review.

### b.     Failure to Provide Medical Care

Plaintiff alleges that after the incident on March 13, 2024, he began to experience "burning sensations in [his] chest and below [his] rib cage area." (Compl., ECF No. 1, PageID.3.) He suggests that as of September 8, 2024, he had not yet been seen by MBP medical staff, including Defendant Racine. (*Id.*, PageID.4.)

11

"The Supreme Court has long recognized that the government has a constitutional obligation to provide medical care to those whom it detains." *Griffith v. Franklin Cnty.*, 975 F.3d 554, 566 (6th Cir. 2020) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Rhinehart v. Scutt*, 894 F.3d 721, 736–37 (6th Cir. 2018); *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004)). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Estelle*, 429 U.S. at 104–05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). Deliberate indifference may be manifested by a medical professional's failure to respond to the medical needs of a prisoner, or by "prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Estelle*, 429 U.S. at 104–05.

Like a claim for unconstitutional conditions of confinement, an Eighth Amendment claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer*, 511 U.S. at 834. To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore*, 390 F.3d at 899; *see also Phillips v. Roane Cnty.*, 534 F.3d 531, 539–40 (6th Cir. 2008). If the plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore*, 390 F.3d at 898, the plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment," *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted), *abrogation on other*

12

*grounds recognized by Lawler as next friend of Lawler v. Hardeman Cnty., Tenn.*, 93 F.4th 919 (6th Cir. 2024).

The Eighth Amendment's subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind" in denying medical care. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. To prove a defendant's subjective knowledge, "[a] plaintiff may rely on circumstantial evidence . . . A jury is entitled to 'conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.'" *Rhinehart*, 894 F.3d at 738 (quoting *Farmer*, 511 U.S. at 842).

Here, even assuming that the "burning sensation" that Plaintiff describes rises to the level of an objectively serious medical condition, Plaintiff does not allege that he has experienced any adverse side effects from that sensation. Moreover, Plaintiff has not alleged any facts suggesting that any Defendants, particularly medical Defendants Racine and Unknown Parties, were aware of the "burning sensation" that Plaintiff was experiencing and deliberately refused to provide medical attention. Plaintiff's conclusory allegations of "deliberate indifference" without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 555. The Court, therefore, will dismiss Plaintiff's Eighth Amendment claims premised upon the failure to provide medical care.

## Conclusion

Having conducted the review required by the PLRA, the Court determines that Defendants Schroeder, Bolton, and Unknown Parties will be dismissed for failure to state a claim, under 28

13

U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also dismiss, for failure to state a claim, the following claims against Defendants Perry, Greenwald, and Racine: (1) Plaintiff's official capacity claims; (2) Plaintiff's First Amendment retaliation claim against Defendant Racine; and (3) Plaintiff's Eighth Amendment claims premised upon the lack of medical care. Plaintiff's personal capacity Eighth Amendment claims against Defendants Perry, Greenwald, and Racine premised upon their failure to evacuate Plaintiff when fires broke out on March 13, 2024, remain in the case.

An Order consistent with this Opinion will be entered.


Dated:     November 15, 2024                         /s/ Jane M. Beckering
                                                    Jane M. Beckering
                                                    United States District Judge